NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

GAETANO IZZO,

        Plaintiff,

v.

SOMERSET COUNTY PROSECUTOR'S
OFFICE, *et al.*,

        Defendants.

Civil Action No. 25-2136 (RK) (TJB)

**MEMORANDUM ORDER**

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon an application to proceed *in forma pauperis*, (ECF No. 1-3, "IFP"), filed by *pro se* Plaintiff Gaetano Izzo ("Izzo" or "Plaintiff"), along with a Complaint (ECF No. 1). In addition, Izzo filed numerous letters—all within a few days—addressed to the Court, (*see* ECF Nos. 4, 5, 7, 8, 9, 10, 11, 13), an "Emergency Motion for Immediate Relief and Protection," (ECF No. 6), and an "Emergency Motion to Stay and Request for Protective Order," (ECF No. 12). For the reasons set forth below, the application to proceed *in forma pauperis* is **DENIED**, the Complaint is **DISMISSED** without prejudice, and the Motions (ECF Nos. 6, 12) are **DENIED**.

## I.    BACKGROUND

### A.    COMPLAINT

Izzo was arrested on September 10, 2024 for "eluding from the officer after being lawfully detained during the investigation of a possible burglary in violation of N.J.S.[A.] 2C:29-2A(1)."

(*See State v. Izzo*, Case No. 24000721, Complaint (N.J. Super. Ct. September 10, 2024).)[1] On March 27, 2025, Izzo was indicted for third-degree eluding under N.J.S.A. 2C:29-2b and third-degree criminal mischief under N.J.S.A. 2C:17-3a(1). (*See State v. Izzo*, Case No. 24000721, Indictment (N.J. Super. Ct. March 27, 2025).) Izzo is due to appear in New Jersey Superior Court in Somerset County on April 10, 2025 for post-indictment arraignment. (*See id.*)

Izzo contends that since the day of his arrest, he has "endured a prolonged, targeted campaign of harassment, retaliation, abuse of power, and deprivation of [his] constitutional rights—carried out by members of the Hillsborough Police Department, the Somerset County Prosecutor's Office, and the Somerset County Public Defender's Office." (ECF No. 1 at 1 (emphasis omitted).)

He asserts that he was "illegally detained . . . without warrant or probable cause" after being falsely accused of burglary by Robin Buhle ("Buhle") of Cornerstone Properties. (*Id.*) He further asserts that Buhle "sent a defamatory letter" to his landlords and urged them to evict Izzo and his two children, aged two and ten. (*Id.*)

Izzo claims certain officers and sergeants of the Hillsborough Township Police Department authorized and approved a "false police report," harassed his fiancée, and enabled retaliatory behavior. (*Id.* at 2.) In light of his allegations, he submitted formal complaints to Chief of Police Mike McMahon and Lieutenant Jeremy Cuomo. (*Id.* at 3.) He has yet to hear back. (*Id.*)

Izzo also takes issue with certain actions of the prosecutor, the judge, and certain of his own counsel in connection with his criminal case. He alleges that the prosecutor "[m]anipulted [his] charges [and] tampered with the timeline of [his] defense." (*Id.*) He asserts that the presiding

---

[1] The Court takes judicial notice of the underlying state court criminal action. *See Orabi v. Attorney Gen. of the U.S.*, 738 F.3d 535, 537 n.1 (3d Cir. 2014) (citations omitted).

judge did not allow him to speak and screamed at him. (*Id.* at 2, 3.) As for his counsel, Izzo asserts that both his private attorney and public defender failed to zealously defend his case, including a "fail[ure] to compel discovery" and "refus[al] to act on constitutional violations" against him. (*Id.* at 3.)

Izzo also argues certain other individuals, including business owners, members of the media, and mental health professionals defamed, harassed, and retaliated against him and his family. (*See id.* at 2.) The factual details surrounding these allegations are sparce.

Izzo frames the Complaint as "request[ing] federal oversight," specifically an "immediate referral to the U.S. Department of Justice Civil Rights Division" and "Federal protection." (*Id.* at 4.) The Complaint does not list any grounds for these requests. Three days later, Plaintiff filed a document styled as a "Civil Rico Claim Summary." (ECF No. 5.) There, he seeks to bring a claim for civil RICO violations for Defendants' "coordinated pattern of racketeering activity to retaliate against [Izzo] and [his] family, destroy [their] livelihood, and violate [their] constitutional and civil rights." (*Id.* at 1.) He alleges that a local spa is entangled with the Hillsborough Township Police Department and the Somerset County Superior Court and is being used as a vehicle to carry out retaliation and other lawful acts against Izzo and his family. (*See id.*) He contends that the RICO enterprise has engaged in extortion, obstruction of justice, false reporting, misuse of authority, retaliation, RICO conspiracy, and other constitutional violations. (*See id.*)

**B.    APPLICATION TO PROCEED *IN FORMA PAUPERIS***

Attached to the Complaint is Izzo's long-form application to proceed *in forma pauperis* ("IFP"). (ECF No. 1-3.) The IFP lists seven months of employment for Uber grossing $100 per month. (IFP at 2.) The application lists no current or past employment information for his fiancée. The IFP application lists no funds held at any financial institutions, no assets owned, and no vehicles. (*See id.* at 2–3.) Further, Izzo indicates that he has no monthly expenses, including no

3

rent expenses, home-mortgage payments, or food costs. (*See id.* at 4.) Izzo also declines to provide

any other information to "help explain why [he] cannot pay the costs of these proceedings." (*See*

*id.* at 5.)

### C.    MOTIONS

On April 1, 2025, less than one week after filing his Complaint and IFP application, Izzo

filed an "Emergency Motion for Immediate Relief and Protection" pursuant to Federal Rule of

Civil Procedure 65. Izzo contends "he is in imminent danger of harm and retaliation by individuals

and entities named in this case and seeks urgent intervention." (ECF No. 6 at 1.) Izzo has concerns

that "rogue officers may attempt to silence him extrajudicially" and fears that he is without

"meaningful protection." (*Id.* at 1.) Izzo seeks, *inter alia*, an "[o]rder of [p]rotection" from

Defendants and the appointment of "an appropriate federal agency or official" to ensure his safety.

(*Id.* at 2.)

On April 4, 2025, Izzo filed another motion seeking essentially the same relief. (ECF No.

6.) This motion, styled as an "Emergency Motion for Stay and Request for Protective Order," seeks

to, *inter alia*, have this federal court "[s]tay the April 10, 2025 hearing in state court." (*Id.* at 2.)

### D.    LETTERS TO THE COURT

Since the filing of his Emergency Motion (ECF No. 6), Izzo has filed four letters. (*See* ECF

Nos. 8, 9, 10, 11.) The first letter seeks "the Court to confirm whether my Emergency Motion for

Immediate Relief has been placed before Judge Kirsch for review." (ECF No. 8 at 2.) The second

letter asserts additional allegations against certain of the Defendants. (ECF No. 9.) The third letter

notifies the Court of a conversation Izzo had with an apparent staff member of the Superior Court

of New Jersey in connection with his state criminal case. (ECF No. 10 at 1.) Izzo alleges that he

was informed that a bench warrant would be issued if he does not appear in state court on April

10, 2025. (*Id.*) In the fourth letter, Izzo claims that the Superior Court of New Jersey has retaliated against him and "disregarded its obligation to defer to federal oversight." (ECF No. 11 at 1.)

## II.    **LEGAL STANDARD**

Pursuant to 28 U.S.C. § 1915, the District Court may authorize a plaintiff to proceed *in forma pauperis* and order a complaint to be filed without requiring the prepayment of filing fees. 28 U.S.C. § 1915(a). The statute was enacted "to ensure that indigent litigants have meaningful access to the federal courts." *Bruce v. Samuels*, 577 U.S. 82, 85 (2016) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (internal quotations omitted)). However, to guard against potential "abuse" of "cost-free access to the federal courts," *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995) (citing *Denton v. Hernandez*, 504 U.S. 25, 29 (1992)), section 1915(e) empowers the District Court to dismiss an *in forma pauperis* complaint if it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e).

Thus, the District Court engages in a two-step analysis when considering a complaint filed with an *in forma pauperis* application: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). . . . Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse*, No. 23-3553, 2023 WL 5207833, at *2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)).

## III.    **DISCUSSION**

### A.    **APPLICATION TO PROCEED *IN FORMA PAUPERIS***

In order to proceed in forma pauperis, Section 1915(a) requires Izzo to submit "an affidavit stating all income and assets, the plaintiff's inability to pay the filing fee, the 'nature of the action,'

and the 'belief that the [plaintiff] is entitled to redress.'" *Martinez v. Harrison*, No. 23-3513, 2023 WL 5237130, at *1 (D.N.J. Aug. 15, 2023) (alteration in original) (quoting 28 U.S.C. § 1915(a)).

Izzo's IFP application is not meaningfully filled out. (*See* IFP.) The IFP application listed no income, for him or his spouse, in the last year from any sources. (IFP at 1, 2.) This includes no income from either employment or public assistance sources. (*Id.*) However, separately, under employment history, he lists a short period of employment with Uber earning $100 in monthly pay. (*Id.* at 2.) He then proceeds to write "0 N/A" across the next two sections of the page indicating that his spouse has no employment in the last two years, and they have no money in any financial institution. (*Id.*) Izzo again writes a large "0 N/A" across the entire next page indicating that his family owns no assets, including no home, vehicles, or other assets. (*Id.* at 3.) Without further details, this seems to conflict with allegations in the Complaint regarding his ownership of a vehicle. (*See* ECF No. 1 at 1.) He, again, writes "0 N/A" across the page for monthly expenses. (IFP at 4.) Here, he lists no costs including housing, food, or transportation. (*Id.*) Having no food costs for his family, without further explanation, does not pass muster. (*Id.*) Neither does the lack of housing costs, especially in light of mentions of a landlord in the Complaint. (*See* ECF No. 1 at 1.) As such, these figures do not represent a good faith effort to state, at a minimum, his assets and expenses, such that the Court could evaluate Plaintiff's claimed indigency. *See Hedgepeth v. Capital Health*, No. 23-3620, 2023 WL 6579821, at *2 (D.N.J. Oct. 10, 2023) (denying IFP application for failure to explain "how he subsists without paying any expenses" and other inconsistencies). Therefore, Plaintiff has not pled his circumstances with sufficient particularity, and Izzo's application to proceed *in forma pauperis* is **DENIED**.

## B.     REQUEST FOR PACER FEE EXEMPTION

On March 31, 2025, Izzo sought an exemption from PACER fees. (ECF No. 4.) Plaintiff consented to and registered to receive documents electronically, entitling him to receive a "free

look" at documents. (ECF No. 2.) As such, Izzo is provided with copies of this Court's decisions and any other docket entries in this matter, thus it is unclear what documents Plaintiff needs access to that he does not have. Thus, this Court, in its discretion, **DENIES** Izzo's request for exemption from PACER fees. *See, e.g., Zied-Campbell v. Richman*, 317 F. App'x 247, 251 (3d Cir. 2009) (finding the district court did not abuse its discretion in denying PACER fee waiver where plaintiff "did not show that free legal research on PACER was 'necessary to avoid unreasonable burdens'").

C.    COMPLAINT SCREENING

Notwithstanding a denial of an IFP application, a court has discretion to review the merits of a complaint. *See Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (citation omitted). The Court may dismiss any claims that are "(1) . . . frivolous or malicious; (2) fail[ ] to state a claim upon which relief may be granted; or (3) seek[ ] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A court must be mindful to hold a *pro se* plaintiff's complaint to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Plaintiff Izzo's Complaint (ECF No. 1), his two motions (ECF Nos. 6, 12), and other filings here principally seek to enjoin the New Jersey Superior Court from presiding over the state criminal action against him. "[I]n *Younger v. Harris*, the Supreme Court held that, absent extraordinary circumstances, a federal court cannot enjoin an ongoing state-court criminal proceeding." *Borowski v. Kean Univ.*, 68 F.4th 844, 849 (3d Cir. 2023) (citing 401 U.S. 37, 41 (1971)). Abstention is appropriate if there is (1) an "ongoing state proceeding[] that [is] judicial in nature; (2) the state proceeding[] implicate[s] important state interests; and (3) the state proceeding[] afford[s] an adequate opportunity to raise federal claims." *Matusow v. Trans–County Title Agency, LLC*, 545 F.3d 241, 248 (3d Cir. 2008). The first two requirements are clearly met: the proceeding is ongoing, as evidenced by Izzo's upcoming post-indictment arraignment, and "a

state criminal case is the quintessential example of a proceeding that implicates important state interests," *Richardson v. New Jersey*, No. 16-135, 2016 WL 5858983, at *5 (D.N.J. Oct. 5, 2016). The third requirement is also clearly met, as state law does not appear to bar Plaintiff's claims from being raised in a state forum. *See Gonzalez v. Waterfront Comm'n of New York Harbor*, 755 F.3d 176, 184 (3d Cir. 2014) ("In making this determination, we consider whether state law raises procedural barriers to the presentation of the federal challenges."). Abstention serves to prevent a plaintiff from "impermissibly seek[ing] to 'bypass the state system and [] seek relief in federal court.'" *Olexsak v. Jones*, No. 21-20026, 2022 WL 2980985, at *8 (D.N.J. July 28, 2022) (quoting *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 435 (1982)).

There must be "a showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex*, 457 U.S. at 435. Specifically, "a district court should not abstain if the plaintiff shows that (1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989) (citing *Middlesex*, 457 U.S. at 435).

Izzo does not allege any "flagrantly unconstitutional statute" at issue. However, his Complaint and other filings do purport to allege that the criminal action against him is "being undertaken in bad faith or for purposes of harassment." The Supreme Court of the United States has affirmed that this exception only applies "'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope' of success." *Rosellini v. Wilcox*, No. 22-2610, 2025 WL 401206, at *4 (3d Cir. Feb. 5, 2025) (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)). This narrow exception is not implicated where a criminal defendant "cannot possibly show that [the] prosecutors lacked hope of obtaining a valid conviction." *Sixth Angel Shepherd*

*Rescue, Inc. v. Schiliro*, 596 F. App'x 175, 179 (3d Cir. 2015) (citing *Kossler v. Crisanti*, 564 F.3d 181, 187 (3d Cir. 2009)). Even cases of "prosecutorial vindictiveness" or instances of "threatening a defendant with increased charges" do not qualify as exceptions to abstention. *Karash v. Erie Cnty. Municipality*, 670 F. App'x 41, 43 (3d Cir. 2016) (citations omitted).

Here, Izzo has not met his burden to show any proven harassment or that the case against him was undertaken with no hope of conviction. The issues laid out in the Complaint are properly within the jurisdiction of the state court and any applicable state appellate court thereafter. Therefore, this federal court has no power to enjoin the state court criminal proceeding pursuant to *Younger* abstention. *See In re Oke*, 436 F. App'x 138, 139 (3d Cir. 2011) ("Federal courts generally will not enjoin or otherwise interfere with state criminal prosecutions.") (citing *Younger*, 401 U.S. at 45). Nor does this Court have the power to impose the other redress sought by Plaintiff. Thus, the Complaint is **DISMISSED** and the Emergency Motion is **DENIED**.[2]

   **IT IS** on this 8th day of April, 2025, **ORDERED** that:

   1. Plaintiff's application to proceed *in forma pauperis*, (ECF No. 1-3), is **DENIED**;

---

[2] Plaintiff Izzo also filed a "Civil Rico Claim Summary" which, in considering Plaintiff's *pro se* status, the Court construes as a Racketeer Influenced and Corrupt Organizations ("RICO") claim under 18 U.S.C. §§ 1962, 1964. (ECF No. 5 at 1.) To establish a RICO claim, Plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity, plus (5) an injury to business or property," and (6) the racketeering activity must have been 'the "but for" cause as well as the proximate cause of the injury.'" *LabMD Inc. v. Boback*, 47 F.4th 164, 179 (3d Cir. 2022) (quoting *Reyes v. Netdeposit, LLC*, 802 F.3d 469, 483 (3d Cir. 2015)).

To allege a "racketeering activity," the enterprise must have engaged in certain criminal predicate acts, such as "extortion, mail fraud, and wire fraud, or certain state crimes, including extortion." *Care One Mgmt. LLC v. United Healthcare Workers E.*, 43 F.4th 126, 135 (3d Cir. 2022) (citing 18 U.S.C. § 1962(c)). The Court declines to enumerate all the reasons this claim must be dismissed. Here, the Court will dismiss the claim because none of the seven purported predicate acts qualify as such either based on the level of detail provided or because they fail as a matter of law.

For example, the purported predicate acts "Retaliation Against a Witness (18 U.S.C. § 1513)" and "Color of Law Violations (18 U.S.C. § 242)" involve criminal statutes for which no private cause of action exists. *Davis v. Warden Lewisburg USP*, 594 F. App'x 60, 61 n.3 (3d Cir. 2015). Others, such as the acts related to extortion and constitutional violations, are simply insufficiently alleged. The seventh for "RICO conspiracy," is itself not a predicate act. Therefore, no RICO claim survives dismissal.

2. Plaintiff's Complaint, (ECF No. 1), is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e);

3. Plaintiff's Emergency Motion, (ECF No. 6), is **DENIED**;

4. Plaintiff's Motion for Stay and Request for Protective Order, (ECF No. 12), is **DENIED**;

5. Plaintiff may have this case reopened within thirty (30) days of the date of entry of this Memorandum Order by filing a new application to proceed *in forma pauperis* and an amended complaint;

6. Upon receipt of a new application to proceed *in forma pauperis* and an amended complaint within the time allotted by this Court, the Clerk will be directed to reopen this case;

7. The Summons shall not issue at this time, as the Court's *sua sponte* screening of the amended complaint has not yet been completed; and

8. The Clerk's Office is directed to **CLOSE** this matter and serve on Plaintiff by regular U.S. mail this Memorandum Order and a blank IFP form.

_____
ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE